UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENDALL T. THOMAS,

                Plaintiff,

        -against-

NEW YORK DEPARTMENT OF CORRECTIONS,
FEDERAL BUREAU OF INVESTIGATION,
AVANADE, U.S. ARMED FORCES/ DEPARTMENT
OF DEFENSE, MICROSOFT, and CATHOLIC
GUARDIAN,

                Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

No. 24-CV-8044 (DG) (JRC)

JAMES R. CHO, United States Magistrate Judge:

On November 27, 2024, plaintiff Kendall Thomas ("plaintiff"), appearing *pro se*, filed this action against the New York Police Department, 79th Precinct, the Federal Bureau of Investigation (FBI), Peter D. Rivera, Alberto Blanco and the Department of Defense (US Armed Forces). *See* Compl., Dkt. 1. Plaintiff paid the filing fee to commence the action. *See* Dkt. 2. On April 25, 2025, the Court directed plaintiff to show cause by May 27, 2025, why the Court should not dismiss this action as frivolous. *See* Order to Show Cause, Dkt. 10. To date, plaintiff has failed to respond to the Court's Order or requested an extension. Accordingly, for the reasons set forth in the Court's April 25th Order, and reiterated herein, the undersigned respectfully recommends that the District Court dismiss this action as frivolous.

## BACKGROUND

Plaintiff commenced this action on November 27, 2024. *See* Dkt. 1. On December 10, 2024, plaintiff filed an amended complaint and added Michelle Pauline as a defendant. *See* Dkt.

5. On December 27, 2024, plaintiff refiled the amended complaint with minor changes. *See* Dkt. 7. On January 21, 2025, plaintiff moved to file a second amended complaint that replaced the New York Police Department with the New York Department of Corrections and added Avanade, Microsoft, the Catholic Guardian, and several new individuals as defendants. *See* Dkt. 9.

On April 25, 2025, this Court granted plaintiff's motion to file a second amended complaint. *See* Dkt. 10. However, the Court also directed plaintiff to show cause by May 27, 2025, why the Court should not dismiss this action as frivolous. *Id.* Plaintiff has failed to respond to the Court's April 25th Order. *See Phillips v. Long Island R.R. Co.*, No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023) (district court should provide notice and opportunity before *sua sponte* dismissal) (citing *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018)).

Plaintiff's second amended complaint (Dkt. 9) consists of the following statements:[1]

> My eyes were damaged 19 times including my retna [sic] by the FBI. The NYPD made my son slam his head on a draw [sic]. There were more incidents involving shifting of mold and toxins into my body system, through my nose and mouth while walking around and sleeping. The mold came from my roof, inside walls and the home network including the frames of the house. There are more areas of the home I cannot elaborate, because I do not know.
>
> The mold may've [sic] been used to damage my brain in order to keep me from revealing the system used by the FBI to monitor the public in NYC. There are people I've worked with from my previous employment involved as well managing a project for the entities.
>
> They used the technology to keep me from leaving my home. They also maimed and abused me. Hypotnized [sic] me to bring my son outdoors to arrest me and place my son into the foster care system.

---

[1] Plaintiff's allegations are set forth verbatim without alterations as to spelling or grammar.

Second Am. Compl., Dkt. 9 at ECF page 10.[2]  Plaintiff alleges he sustained "major damage to the eyes and lungs, including the retna [sic]." *Id.* at ECF page 11.  He seeks unspecified damages and injunctive relief, including the "profits from my sons geneomes [sic] sent to my son." *Id.*

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the Court lacks jurisdiction over the matter.  *See Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *2 (2d Cir. Mar. 16, 2023) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)); Fed. R. Civ. P. 12(h)(3).  There are two types of federal subject-matter

---

[2]  References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

jurisdiction. Under the first type, federal question jurisdiction, the complaint must have a claim based on a federal law. *See* 28 U.S.C. § 1331. The other type is called diversity jurisdiction, and it allows federal courts to consider cases arising under state laws, but only if the money value of the lawsuit is greater than $75,000 and all the defendants live in a different state than the plaintiff. *See* 28 U.S.C. § 1332. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

## DISCUSSION

There is no federal-question jurisdiction where "the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (internal quotation marks and citation omitted); *see Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) ("[T]he Supreme Court has . . . instructed that federal question jurisdiction under 28 U.S.C. § 1331 is lacking where the asserted claim for relief is 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'") (quoting *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015)). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Plaintiff's allegations, even under the most liberal reading afforded to *pro se* pleadings (and even if plaintiff believes them to be true), can only be described as frivolous. In addition to the statements set forth above, plaintiff alleges that "[t]he 4 entities used the FBI equipment to harm my person including lungs, eyes and brains using technologies provided by the FBI. The equipment was also used to harrass and hold me and my son indoors by manipulation of my mental capicity [sic] and of my well being. They burned my eyes front and back 19 times." Second Am. Compl., Dkt. 9 at ECF page 9. Plaintiff's allegations appear to be "the product of delusion or fantasy." *Livingston*, 141 F.3d at 437 (citation omitted); *see Denton,* 504 U.S. at 33.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the District Court dismiss the Second Amended Complaint and close this action. The Court further recommends that although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the District Court's Order would not be taken in good faith and, therefore, *in forma pauperis status* be denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Any objections to the recommendations made in this Report must be filed with the Honorable Diane Gujarati within 14 days after the filing of this Report and Recommendation and, in any event, on or before October 8, 2025. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

The Clerk of Court is respectfully directed to mail a copy of this report and recommendation to plaintiff and note service on the docket.

**SO ORDERED**

Dated: Brooklyn, New York
September 24, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge
